**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-5206**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

STEVEN JAMES HALL, a/k/a Contourimpco,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:08-cr-00015-LHT-1)

———————

Submitted: April 12, 2010              Decided: May 6, 2010

———————

Before MOTZ, SHEDD, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Carol Ann Bauer, Morganton, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven James Hall pled guilty, without the benefit of a written plea agreement, to transmitting child pornography via a computer (Counts 1-3), in violation of 18 U.S.C.A. § 2252(a)(1), (b)(1) (West Supp. 2009); receiving child pornography via a computer (Count 4), in violation of 18 U.S.C.A. § 2252(a)(2), (b)(1) (West Supp. 2009); and possession of child pornography (Count 5), in violation of 18 U.S.C.A. § 2252(a)(4), (b)(2) (West Supp. 2009). The district court sentenced him to 210 months of imprisonment on Counts 1-4 and a concurrent 120-month term on Count 5. On appeal, Hall's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal but questioning whether Hall voluntarily entered his plea in light of Hall's claim that he was not guilty of the charges. Hall has filed a pro se supplemental brief.[1] Finding no reversible error, we affirm.

Counsel suggests that Hall did not voluntarily enter his guilty plea. However, Hall's statements at the plea hearing belie his claim. See Blackledge v. Allison, 431 U.S. 63, 74

---

[1] In his pro se brief, Hall contends that the delay between his arrest and arraignment violated the Speedy Trial Act and that Counts 3 and 4 of the indictment failed to establish an interstate nexus. Our careful review of the record leads us to conclude that Hall is not entitled to relief on these claims.

(1977); Fields v. Attorney Gen., 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."). Moreover, the magistrate judge and the district court fully complied with the mandates of Fed. R. Crim. P. 11 in accepting Hall's guilty plea and ensured that Hall entered his plea knowingly and voluntarily and that the plea was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Accordingly, we affirm Hall's convictions.

Finally, we held Hall's case in abeyance for our decision in United States v. Lynn, 592 F.3d 572 (4th Cir. 2010), regarding the adequacy of the district court's explanation of the chosen sentence.[2] We have reviewed this issue for plain error. Id. at 579-80. "To establish plain error, [Hall] must show that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights." Id. at 577. If Hall establishes these requirements, this court "may exercise its discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation

---

[2] We note that, when sentencing Hall, the district court did not have the benefit of our most recent sentencing decisions.

omitted).  Even assuming that the district court in this case committed clear error with regard to the sufficiency of the explanation for the chosen sentence, Hall nevertheless received exactly the sentence he requested -- a sentence at the bottom of the range authorized by the United States Sentencing Guidelines. Thus, Hall has not demonstrated on appeal that the error "had a prejudicial effect on the sentence imposed." Id. at 580.

In accordance with Anders, we have reviewed the record for any meritorious issues and have found none.  We therefore affirm the district court's judgment.  This court requires that counsel inform her client, in writing, of the right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4